■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN SCHNEIDER, Appellant.— Judgment of the Supreme Court, Queens County, rendered October 6, 1971, affirmed. No opinion. Martuscello, Latham and Cohalan, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum, in which Benjamin, J., concurs: Defendant was convicted of rape in the third degree, sexual abuse in the third degree and endangering the welfare of a child. Defendant, a police officer, was accused of engaging in sexual intercourse with a 15-year-old girl on two occasions. He testified that he knew the girl, that he had sought to assist her when she came to him for help and that he obtained a motel room for her at her request, but that he had not had sexual intercourse with her. After defendant's testimony the prosecution called Patrolman Maggio, defendant's partner during police duty, in rebuttal. Though defendant had testified that Maggio also knew the girl and had been with them when the girl entered the motel, Maggio denied that he knew her or that he had gone with defendant and the girl to the motel. On cross-examination, however, he took refuge in his right against self incrimination and refused to answer questions. The District Attorney commendably admits that it was known prior to Maggio's testimony that Maggio would invoke the privilege on cross-examination. The inability of defendant to cross-examine Maggio on these critical issues effectively destroyed any opportunity for defendant to undermine or refute Maggio's damaging testimony against him. Though defendant's counsel moved to strike Maggio's direct testimony, the trial court denied the motion. Thus, the prosecution had the advantage of Maggio's contradictions of defendant's testimony without the danger of weakening by cross-examination concerning veracity. A defendant has the fundamental right of confrontation of witnesses against him (Civil Rights Law, § 12; cf. *People v. Cole*, 43 N. Y. 508, 512–513; *People v. Roth*, 30 N Y 2d 99; *Pointer v. Texas*, 380 U. S. 400, 405; *Smith v. Illinois*, 390 U. S. 129). Deprivation of that right occurs when a witness testifying to substantial matters against a defendant hides behind the shield of the privilege against self incrimination when cross-examined (*United States v. Cardillo*, 316 F. 2d 606, 611; see, also, *United States v. Norman*, 402 F. 2d 73, 77, cert. den. 397 U. S. 938; *Fountain v. United States*, 384 F. 2d 624 cert. den. *sub nom. Marshall v. United States*, 390 U. S. 1005; 5 Wigmore, Evidence

[3d ed.], § 1391). In addition, defendant was not afforded a fair trial, in that the invocation of the privilege by a fellow police officer prejudicially enhanced the prosecution's case (e.g., see, *People* v. *Pollock,* 21 N Y 2d 206, 211–214; *People* v. *Zachery,* 31 A D 2d 732), particularly since the prosecution was aware that the witness would so conduct himself. There is a second error which prejudiced defendant. The prosecution during cross-examination of defendant used the latter's Grand Jury testimony as a ground of attack on credibility, by attempting to show that defendant in his prior statements under oath had omitted reference to events which he later testified at the trial had occurred. No foundation was laid by the prosecution to permit questioning of this character (see *People* v. *Bornholdt,* 33 N Y 2d 75, 88) and, hence, objections by defense counsel should have been sustained. For these reasons the judgment should be reversed and a new trial ordered.