■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BELVIN and NORMAN MARBURY, Appellants.—Appeals by defendants from two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered January 25, 1973, convicting them of robbery in the first degree, robbery in the second degree, attempted burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgments modified, on the law, by reversing the convictions of each defendant of robbery in the first degree and robbery in the second degree and the sentences thereon and the said counts are dismissed. As so modified, judgments affirmed. The trial court submitted multiple counts to the jury, including robbery in the first, second and third degrees. However, the court failed to charge that robbery in the third degree, a lesser included offense, should be considered only in the alternative and that the jury should not consider that lesser offense if it were to find defendants guilty of one of the greater counts. Faced with this erroneous charge, the jury convicted defendants of the counts for first and second degrees, but acquitted them of the lesser offense. Although the jury's verdict is understandable in light of the erroneous charge and explanation, nevertheless, the acquittal of the lesser included offense, coupled with the conviction of the higher offenses, constitutes an inconsistent and repugnant verdict. Since a retrial of the counts charging robbery in the first and second degrees would necessarily include robbery in the third degree, as to which crime there has been an acquittal, a conviction of either of the higher crimes would constitute double jeopardy as to robbery in the third degree and, therefore, the counts for first and second degrees cannot be resubmitted. Consequently, the verdict as to the two robbery convictions cannot stand. However, under the facts of this case the reversal and the dismissal of the robbery counts do not affect the

validity of the attempted burglary and assault convictions, since they have an independent and separate existence, as evidenced by the record. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.