■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWIN BAKER, Also known as B. EDWIN BAKER, Respondent.—Appeal by the People from a trial order of dismissal of the Supreme Court, Kings County, entered November 14, 1974. Trial order of dismissal reversed, on the law, and indictment reinstated. Defendant was indicted for the crimes of murder and possession of weapons and dangerous instruments, as a felony, arising out of the fatal shooting of one James B. Anderson on April 3, 1971. Two witnesses to the shooting testified before the Grand Jury, but one of them could not be located at the time of defendant's trial. The other witness had three State indictments and one Federal indictment for the sale and possession of drugs pending against him at the time of defendant's trial. The People, apparently anticipating that the witness would assert his privilege against self incrimination if questioned concerning the facts underlying those indictments, moved for a protective order restricting the scope of cross-examination with reference to them. Defense counsel objected, contending that such an order would prevent him from impeaching the witness' credibility and would deny defendant his constitutional right to confront the witness by unreasonably foreclosing effective cross-examination. The trial court indicated that it would not grant the People's motion for a protective order and that it would strike the witness' direct testimony if he asserted his privilege against self incrimination when questioned concerning the facts underlying the indictments against him. During the nonjury trial the witness inculpated defendant in his direct testimony. On cross-examination the following transpired: "Q. Mr. Boyd, is it not a fact that on or about April 30, 1971, in the County of Kings, at 529 Montgomery Street, you were in possession of sixteen ounces of heroin? * * * A. I refuse to answer on the ground that it may incriminate me. Q. Mr. Boyd, is it not a fact that on April 30, 1971 in the County of Kings, at 529 Montgomery Street, you were in possession of a stolen .20 Gauge Winchester Shotgun? A. I won't answer on the grounds that it might incriminate me." At this point, the witness' counsel advised the court that his client would continue to invoke his Fifth Amendment privilege concerning any cases presently pending against him in the absence of a grant of immunity to him by the District Attorney. The District Attorney indicated that he would not grant immunity to the witness. Defense counsel argued that he could not effectively cross-examine the witness under the circumstances and moved to strike the witness' direct testimony. The trial court granted the motion. The People then indicated

that it had no further witnesses to call. Defendant thereupon moved for a trial order of dismissal. When the People conceded that, absent the witness' direct testimony, the remaining circumstantial evidence was insufficient to prove defendant's guilt beyond a reasonable doubt, the trial court granted defendant's motion and dismissed the indictment. In our view the trial court erred in granting defendant's motion for a trial order of dismissal. Since it is conceded that the witness was justified in asserting his Fifth Amendment privilege, the only issue remaining is whether defendant was thereby deprived of his constitutional right to confront the witness through effective cross-examination. In this regard it has been held that where "the [Fifth Amendment] privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony may be used against him. * * * On the other hand, if the witness by invoking the privilege precludes inquiry into the details of his direct testimony, there may be a substantial danger of prejudice because the defense is deprived of the right to test the truth of his direct testimony and, therefore, that witness's testimony should be stricken in whole or in part" *(United States v Cardillo,* 316 F2d 606, 611, cert den 375 US 822). In this case, the attempted cross-examination of the witness was intended to impeach his credibility by showing his past misconduct. That line of inquiry was initiated by defense counsel; the Fifth Amendment privilege was invoked by the witness as to collateral matters, in that the inquiry was not concerned with the details of his direct testimony. Accordingly, it was error for the trial court to have stricken the witness' direct testimony and to have dismissed the indictment (see *United States v Cardillo, supra; Fountain v United States,* 384 F2d 624, cert den 390 US 1005; *United States v Norman,* 402 F2d 73, cert den 397 US 938). Finally, in our view the case at bar is distinguishable from the recent decision of the Court of Appeals in *People v Schneider* (36 NY2d 708 [revg 44 AD2d 845 on the dissenting memorandum of Mr. Justice Hopkins]). In *Schneider,* the defendant was deprived of his fundamental right to confront the witnesses against him when one of the prosecution's witnesses testified on direct examination to substantial matters against the defendant and then asserted his privilege against self incrimination when cross-examined as to those matters. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.