■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK KRISCHE, Indicted as FRANK KRICHE and also Known as JOSEPH BOYD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 29, 1974, convicting him of robbery in the first and second degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. On this appeal, defendant contends, *inter alia,* that reversible error was committed during the course of his trial when (1) the trial court responded privately through a court officer, to a note sent to it by the jurors to the effect that they were unable, after a short period of deliberation, to reach a verdict, telling them to continue their deliberations and (2) during his summation, the prosecutor improperly implied that defendant had failed to testify in his own behalf, and called attention to the fact that defendant had failed to offer any evidence tending to refute the People's case. Though proper practice required the trial court to convene the jury and to reply to the jurors' note in the presence of defendant and his attorney, as well as the prosecutor, under the circumstances of this case no reversible error was committed by the trial court (see *People v Venable,* 46 AD2d 73, affd 37 NY2d 100). The claim that the prosecutor unfairly commented on defendant's failure to contradict the People's proof is not well founded. The prosecutor, in referring to this aspect of the case, called attention only to the fact that there was no contrary evidence, but did not put the burden upon defendant. In view of the overwhelming evidence of defendant's guilt and the explicit charge to the jury, the error, if any, is deemed harmless *(People v Crimmins,* 36 NY2d 230; *People v Rolchigo,* 33 AD2d 1060, affd 28 NY2d 644). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MATOS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 20, 1974, convicting him of robbery in the first degree, grand larceny in the third degree (five counts) and criminal possession of a dangerous drug in the sixth degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree and the sentences thereon, and said counts are dismissed. As so modified, judgment affirmed. Under the facts of this case, defendant could not have committed robbery in the first degree without at the same time having committed grand larceny in the third degree. Therefore, the verdict of guilty as to the robbery count requires that the lesser included counts be dismissed *(People v Grier,* 37 NY2d 847). This case is not, contrary to defendant's assertion, analogous to *People v Belvin* (47 AD2d 929), for there the jury, on its own, acquitted the defendant of the lesser charge and found him guilty of the greater. Here, without a defense objection, the jury was told to "acquit" defendant of robbery in the second and third degrees if it found him guilty of robbery in the first degree. It did just that. It is obvious from the entire charge that the trial court used the word "acquit" to mean that it was not necessary for the jury to consider the lesser charges if it found defendant guilty of the greater charge. We have reviewed defendant's remaining arguments and find them to be without merit. Martuscello, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.