Jasen, J.
On August 7, 1972, defendant allegedly arranged to sell narcotics to an undercover police officer. The following day, the transaction was completed and the substance sold was determined to be heroin. Thereupon, defendant was charged in a three-count indictment with criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the fourth degree with intent to sell, and criminal possession of a dangerous drug in the third degree. The trial court submitted each of the three counts to the jury, directing them either to find the defendant guilty of only one of the counts, or not guilty of any of the three counts. Neither the People nor the defendant objected to this portion of the court’s charge.[1] Thus, for the purposes of this appeal, the propriety of the court’s instructions is not in issue.
The jury reported a verdict of guilty of the first two counts of the indictment and not guilty of the third count. After a bench conference with both counsel, the trial court stated that the verdict, as reported by the foreman, was not in accordance with the court’s instructions and directed the jurors, after giving them additional instructions, to reconsider their verdict. Thereafter, the jury returned a verdict finding the defendant not guilty of the first two counts of the indictment and guilty of the third count—criminal possession of a dangerous drug in the third degree. Over objection of defense counsel, the trial court accepted the reconsidered verdict of the jury and directed it be recorded.
On appeal to the Appellate Division, the court (two Justices dissenting) reversed the judgment of conviction and dismissed the indictment, holding, inter alia, that the guilty verdict returned by the jury, after it was directed to reconsider the matter, was illegal and could not stand; that to allow the *360 verdict to stand would be a violation of the rule against double jeopardy. We must decide whether the resubmission to the jury to reconsider its verdict pursuant to CPL 310.50 was proper and constitutionally permissible. We hold that it was, and, accordingly, would reverse the order of the Appellate Division.
It has long been the law, in this State as well as in other jurisdictions, that the trial court has a responsibility to supervise the rendition of a jury verdict in order to prevent doubtful, insufficient or "palpably” erroneous findings from being entered on its records. (People v Bush, 3 Parker Cr Rep 552, 557; People v Jenkins, 56 Cal 4, 7; 23A CJS, Criminal Law, § 1388, p 1042.) There has also long existed a statute (former Code Crim Pro, § 447) providing for judicial discretion to direct reconsideration of a verdict "when it appears to the court that the jury have mistaken the law” in convicting a defendant. California still has a comparable statute, which was modeled, in part, after our earlier code provision. (See Cal Penal Code, § 1161.)
In 1970, when the present CPL was enacted, the Legislature combined and modified a number of related code provisions respecting the rendition of defective jury verdicts and the law now specifically mandates that a court direct the jury to reconsider its verdict where the form of the verdict is not in accord with the court’s instructions or where the verdict is otherwise legally defective. (CPL 310.50, subd 2.)[2]
Faced with a situation where the form of the verdict reported by the jury was not in accordance with the court’s instructions—that it could convict on but one of the three counts submitted—the trial court concluded that the verdict, as reported, could not be accepted and that further instructions and reconsideration by the jury were required. After carefully reinstructing the jury that the defendant could only be convicted on one of the three counts submitted if the jury *361 found the defendant guilty, the trial court asked the jury to reconsider its verdict.
While CPL 310.50 (subd 2) prohibits the court from resubmitting to the jury to reconsider a particular count in which "it is clear that the jury intended to find a defendant not guilty”, we cannot conclude, from the circumstances of this case, that the jury had actually intended to find the defendant not guilty of the third count. It was evident from the initial verdict that the jury misunderstood the court’s charge as to the law on lesser included offenses. The legal defect in the verdict affects all three determinations initially reached since the misunderstanding of the limitations the court imposed on the jury’s power to convict carried through to the deliberations on each count submitted. Thus, this evident confusion taints all aspects of the initial verdict, the findings of guilty as to two counts and not guilty as to the third count. The jury might well have understood the court’s instructions to mean that it could not convict the defendant on all three counts, and, thereby, found him guilty of only two of them. To be distinguished is the situation where a legal defect subsists in a verdict on one count, but the same defect does not have ramifications affecting the jury’s intention to acquit on another, separate count. In any event, whatever caused the jury’s confusion, the verdict rendered was not in accordance with the court’s instructions, and, therefore, subject to reconsideration by the jury. Hence, the exception contained in CPL 310.50 (subd 2) was not applicable. In refusing to apply the legislative exception to a situation not addressed, we are not, by any means, reading the exception out of the statute. Nor are we engaging, as suggested in the dissent, in a rewriting of the statute. Rather, we seek to give the statute full effect, as written, by refusing to extend an exception it contains to a situation that the exception does not encompass. Moreover, our decision today does not reflect any opinion as to the wisdom of the statutory provisions. We apply the statute by its terms and do not, as we may not, pass judgment upon it.
Nor do we agree with the defendant’s contention that the resubmission to the jury of the third count of the indictment placed him twice in jeopardy. At the outset, it should be noted that a verdict reported by the jury is not final unless properly recorded and accepted by the court. (See CPL 310.80.) Here, as stated before, the verdict reported was not in accordance with the court’s instructions and, therefore, was not accepted by the *362 court. Since the defendant had a "weighty” right to be judged by the jury impaneled to determine his innocence or guilty (Illinois v Somerville, 410 US 458, 471), double jeopardy did not attach where the same jury reconsiders its defective or inconsistent verdict. Rather than constituting a new and second jeopardy, the reconsideration of a defective or inconsistent verdict was part of the process by which the defendant’s first jeopardy was resolved.
Here, the trial court’s action in resubmitting to the jury a verdict finding the defendant guilty of two serious drug charges, contrary to its instructions that only one charge of the three counts submitted could be sustained by the court upon a finding of guilty, was not intended, nor did it, in fact, prejudice the defendant, but was only intended to implement a legitimate State policy of accepting and recording proper verdicts rendered in compliance with the law of the case.
Accordingly, we would reverse the order of the Appellate Division vacating the judgment of conviction and dismissing the indictment, and remit to the Appellate Division for its factual review. (CPL 470.40, subd 2, par [b].)

. We do not intimate any view as to whether this charge was, in fact, a correct interpretation of the pertinent statutory provisions that have since been repealed.

. CPL 310.50 (subd 2) reads, in its entirety, as follows: "If the jury renders a verdict which in form is not in accordance with the court’s instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberations for such purpose, and to render a proper verdict. If the jury persists in rendering a defective or improper verdict, the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant; provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count.”