■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CHAPMAN, Appellant.—Judgment of the Supreme Court, Kings County, rendered June 12, 1974, affirmed. We have examined appellant's contentions and find them to lack merit. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COTTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 16, 1973, upon resentence, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree and the sentence thereon, and the said count is dismissed. As so modified, judgment affirmed. We have already held, on the facts of a similar case, that the defendant could not have committed robbery in the first degree without at the same time having committed grand larceny in the third degree. *(People v Matos,* 50 AD2d 872). We so hold here (see *People v Grier,* 37 NY2d 847). Accordingly, the guilty verdict on the robbery count requires that the lesser included count be dismissed. We have considered defendant's remaining arguments and find them to be without merit. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. (ANONYMOUS), Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Queens County, rendered March 18, 1974, adjudicating him a youthful offender, after his plea of guilty of attempted burglary in the third degree, and imposing sentence and (2) by permission, from an order of the same court, made June 5, 1975, which denied his motion to vacate the said judgment. Order reversed, on the law, and motion remanded to Criminal Term for a hearing and new determination, which hearing shall be held expeditiously; the appeal from the judgment is held in abeyance in the interim. Under the circumstances presented, defendant's motion should not have been denied without a hearing. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DeCHRISTOPHER, Appellant.—Judgment of the Supreme Court, Kings County, rendered September 16, 1974, affirmed *(People v Baker,* 48 AD2d 662). In any event, defendant was not prejudiced by the indication of the claim of privilege on the part of a People's witness because that witness thereafter admitted her participation in the sale of drugs with defendant. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MICHAEL HALL, Appellant.—Judgment of the Supreme Court, Queens County, rendered June 4, 1974, affirmed. The factual pattern of this case is governed by *People v Pena* (37 NY2d 642) and not by *People v Goggins* (34 NY2d 163). Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.