■ In the Matter of MICHAEL C. et al., Allegedly Handicapped Children, Respondents, v STATE OF NEW YORK et al., Respondents, and CITY OF YONKERS, Appellant.—In four proceedings pursuant to section 232 of the Family Court Act and section 4403 of the Education Law, the City of Yonkers appeals from so much of four orders of the Family Court, Westchester County, dated August 18, 1975, August 19, 1975 (two orders) and September 17, 1975, respectively, as charged it with the special educational costs of the handicapped petitioners in the first instance, one half the costs to be returned to it by the State. Orders affirmed insofar as appealed from, without costs or disbursements (see *Matter of Lee E. B.,* 39 NY2d 962). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWIN BAKER, Also Known as B. EDWIN BAKER, Respondent.—Appeal by the People from a trial order of dismissal of the Supreme Court, Kings County, entered November 14, 1974. By a prior order dated May 5, 1975 this court reversed the trial order of dismissal, on the law, and reinstated the indictment. On June 17, 1976 the Court of Appeals reversed the order of this court and remitted the case to this court with directions that the appeal to this court be dismissed *(People v Baker,* 48 AD2d 662, revd 39 NY2d 923). Accordingly, the appeal by the People is dismissed. Hopkins, Acting P. J., Martuscello, Christ and Rabin, JJ., concur.

■

(July 20, 1976)

■ In the Matter of JAMES J. PECORELLA, Admitted to Practice as JAMES JOSEPH PECORELLA, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—In this proceeding to discipline an attorney upon charges of professional misconduct, respondent has failed to appear or to answer the petition herein containing the charges, although the time to do so has expired. Respondent was personally served in this matter. The respondent was admitted to the Bar by this court on December 16, 1953. Generally stated, the three charges of misconduct are as follows: (1) conversion to his own use of the escrow funds of five different clients; neglecting various clients' matters; issuing escrow checks on eight occasions in amounts ranging from $542 to $6,000 to clients and others, which checks were returned for insufficient funds; failing to account to clients and others for escrow funds; and failing to return unearned fees; (2) failing to maintain a duly constituted escrow account; commingling clients' funds; and issuing 130 checks which were returned for insufficient funds; and (3) falsely testifying before petitioner's subcommittee. The charges, if established, would require respondent's disbarment. Since he has chosen not to deny the charges, and not even to appear in this proceeding, the charges must be deemed established. Respondent is unfit to be a member of the Bar. He is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Martuscello, Latham and Damiani, JJ., concur.