disbursements of this appeal. Concur—Birns, J. P., Silverman, Lane and Nunez, JJ.

■ · Jolar Cinema, Inc., et al., Appellants, v Jeremiah T. Walsh et al., Respondents.—Order, Supreme Court, New York County, entered on August 2, 1976, unanimously affirmed for the reasons stated by Baer, J., at Special Term. Respondents shall recover of appellants $60 costs and disbursements of this appeal. Concur—Birns, J. P., Silverman, Lane and Nunez, JJ.

■ In the Matter of the Estate of Alfred E. Mirsky, Deceased. Reba M. Goodman et al., Appellants; Sonia W. Mirsky, Respondent.—Decree, Surrogate's Court, New York County, entered on May 26, 1976, unanimously affirmed on the opinion of Di Falco, S., with $60 costs and disbursements to all parties filing briefs payable out of the estate. Concur—Birns, J. P., Silverman, Lane and Nunez, JJ.

■ The People of the State of New York, Respondent, v Marion Robinson, Appellant.—Judgment, Supreme Court, New York County, rendered December 11, 1975, convicting the defendant of two counts of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 1) and sentencing him to two concurrent indeterminate terms of from one year to life imprisonment on each count, affirmed. The dissent fairly states the facts, but misconceives the problem, if any. There was a six-count indictment with duplication because of a criminal act on two separate dates. In simple analysis, what the trial court did was to charge in descending order of gravity, the counts of (1) sale, (2) possession with intent to sell, and (3) simple possession. The jury acquitted on the sale counts (for each date) and returned a verdict of guilty on both the possession with intent to sell and the simple possession counts, as to each date. The court then dismissed on its own motion the counts with respect to simple possession. The charge had been in the alternative for possession with intent to sell or simple possession, and so there is conjured up an alleged state of confusion, citing *People v Salemmo* (38 NY2d 357), which dealt with a different problem. The jury having found the defendant guilty of possession with intent to sell, he was obviously guilty of simple possession. In fact, if he had been found not guilty with respect to simple possession, we would then have had the problem of an inconsistent verdict. The greater including the lesser charge, the court quite properly dismissed the inclusory count. *(People v Grier,* 37 NY2d 847; *People v Pyles,* 44 AD2d 784.)* Concur—Kupferman, Silverman and Nunez, JJ.; Stevens, P. J., and Murphy, J., dissent in the following memorandum by Murphy, J.: The defendant was convicted after a jury trial on two counts of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 1) and sentenced to concurrent indeterminate terms of from one year to life imprisonment on each count. An undercover narcotics officer testified that on June 11, 1974, inside a bar and grill on Seventh Avenue, the defendant sold him one glassine envelope containing heroin; and that on the following night, June 12, at the same location, Robinson sold him four glassine envelopes containing heroin. The defendant did not testify, but a witness was produced who stated that appellant was at his home in The Bronx when these two sales allegedly occurred. The six-count indictment charged: (1) sale, (2) possession with intent to sell, and (3) simple possession as to each date, namely, June 11 and 12. In this regard the court initially charged the jury that the inclusory concurrent counts within the two groups of charges could be considered in the alternative only, and that the jury might render a verdict of guilty with respect to any one of the alternative offenses, but could not render a verdict

of guilty with respect to more than one. On the second day of deliberations by the jury the court recharged that they might convict of either Count No. 2 or Count No. 3, but not of both. After a short time the jurors returned a verdict which convicted defendant of both Counts Nos. 2 and 3 (June 11), as well as both Counts Nos. 5 and 6 (June 12), and acquitted defendant on the two sale counts, namely, Counts Nos. 1 and 4. The verdict was recorded and read to the jury which collectively acknowledged that the verdict was correct. Thereafter, the court, *sua sponte,* dismissed the third and sixth counts. Appellant's counsel objected and requested that the jury be instructed and their deliberations continued until they had reached a proper verdict. The court denied the application. We believe that this was error and that the court failed to conform with CPL 310.50 (subd 2), which provides: "If the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberations for such purpose, and to render a proper verdict. If the jury persists in rendering a defective or improper verdict the court may, in its discretion, either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the People to retry the indictment or a specified count or counts thereof as to such defendant; provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count." The court had properly charged that within the two groups of charges for each date, each succeeding count was an inclusory concurrent count and a lesser included offense of the previous count, and that these offenses could be considered in the alternative only, progressing from the greatest to the least, and that the jury might render a verdict of guilty with respect to any one of the alternative offenses within each group, but could not render a verdict of guilty with respect to more than one. The jury was further advised that if it found appellant guilty of the first count it must not consider the second and third counts; if it acquitted on the first count it must consider the second count. If it convicted on the second count it must not consider the third count; if it acquitted on the second count it must consider the third count. These were similar to the instructions pertaining to the fourth, fifth and sixth counts. These instructions were not objected to by either appellant or respondent at the trial. The Court of Appeals in *People v Salemmo* (38 NY2d 357, 360), stated: "The law now specifically mandates that a court direct the jury to reconsider its verdict where the form of the verdict is not in accord with the court's instructions or where the verdict is otherwise legally defective." The trial court, then, was not empowered to dismiss the lesser included count of simple possession where the jury returned a "defective verdict" that was not in accord with the court's original or supplemental instructions. As in *People v Salemmo (supra),* it was clear that whatever caused the confusion, the verdict was not in accord with the court's instructions. The court should have resubmitted it to the jury for a proper verdict instead of taking it out of their hands as a matter of law. The jury had obvious difficulties in arriving at a verdict in this case. After the first night of deliberation, the jurors reported they were in a "great dilemma"; and later that same evening the foreman reported a jury deadlock; and a short time thereafter that it was "hopelessly deadlocked". The jury was then sequestered and the next day, when deliberations continued, at one point they again reported that they could not reach a verdict. The court's action with respect to the first series of counts

mandated then a sentence of life imprisonment (Count No. 2) when the jury might, upon reconsideration, have returned a misdemeanor verdict (Count No. 3). With respect to the second series of counts the difference was between life in prison (Count No. 5) and a possible 15-year maximum (Count No. 6). The defendant was correct in requesting that this decision be made by the jury. Accordingly, we would reverse the judgment and order a new trial.