*451 OPINION OF THE COURT
Jasen, J.
Appellant was arrested and charged in a six-count indictment with criminal sale of a controlled substance in the second (Penal Law, § 220.41, subd 1) and third (Penal Law, § 220.39, subd 1) degrees, two counts of criminal possession of a controlled substance with intent to sell in the third degree (Penal Law, § 220.16, subd 1), and criminal possession of a controlled substance in the fifth (Penal Law, § 220.09, subd 1) and seventh (Penal Law, § 220.03) degrees. Put simply, the indictment alleged appellant’s criminal participation in two separate drug transactions, for which appellant was charged duplicatively with criminal sale, criminal possession with intent to sell, and simple possession of a controlled substance.
Upon submission of the case to the jury, the trial court instructed the jury to consider, in the alternative only, the inclusory concurrent counts of criminal possession with intent to sell and simple possession charged in each of the two prongs of the indictment. The court further instructed the jury that although it could render a verdict of guilty on either of the inclusory concurrent counts charged for each of the two drug transactions, it could not return a verdict of guilty on more than one.
Notwithstanding these instructions, the jury returned a verdict acquitting appellant of the sale counts, but convicting appellant of both criminal possession with intent to sell and simple possession of a controlled substance for each drug transaction alleged in the indictment. After the recording of the verdict on the minutes, the trial court dismissed, sua sponte, the two counts of the indictment charging appellant with simple possession of a controlled substance. Appellant’s counsel objected to the court’s action, arguing that the jury had apparently misunderstood the court’s instructions resulting in a verdict which was both inconsistent and illegal. Counsel urged resubmission of the case to the jury to permit reconsideration of its verdict.
Upon polling the jury and confirming the jury’s intention to convict appellant of both possession with intent to sell and simple possession of a controlled substance, the trial court refused to resubmit the case to the jury, concluding that the verdict was neither - inconsistent nor illegal. On appeal, the Appellate Division affirmed, with two Justices dissenting. There should be an affirmance.
*452 CPL 310.50 (subd 2) provides in pertinent part: "If the jury-renders a verdict which in form is not in accordance with the court’s instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict.” Citing this court’s decision in People v Salemmo (38 NY2d 357), appellant maintains that the jury’s failure to comply with the trial court’s instruction to consider the inclusory concurrent counts of the indictment in the alternative only and to render a verdict of guilty on no more than one of these counts, requires, by itself, resubmission of the case to the jury for reconsideration of its verdict. We reject appellant’s literal interpretation of subdivision 2 of section 310.50 and hold that absent the return of a verdict about which confusion exists as to the intention of the jury, the jury’s failure to comply with the court’s instructions does not, per se, require resubmission of the case to the jury for reconsideration of its verdict.
In so holding, we view appellant’s reliance on People v Salemmo (supra) as misplaced. In Salemmo, the defendant was charged in a three-count indictment with criminal sale of a dangerous drug, criminal possession of a dangerous drug with intent to sell, and criminal possession of a dangerous drug. The trial court instructed the jury to return a verdict either convicting the defendant of one of the counts or acquitting him of all three counts. The jury returned a verdict of guilty on the first two counts and not guilty on the count charging simple possession. Concluding that the verdict was not in accordance with its instructions, the trial court resubmitted the case to the jury, which upon reconsideration returned a verdict finding the defendant guilty solely of that count charging him with criminal possession of a dangerous drug. (Id., at p 359.)
On appeal to this court, the defendant in Salemmo argued that subdivision 2 of section 310.50 precluded the trial court’s resubmission of the third count charging the defendant with criminal possession of a dangerous drug. In support of this contention, the defendant directed our attention to additional language in subdivision 2 of section 310.50, which provides: "[I]f it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count.” In affirming the defendant’s conviction, we held *453 the cited statutory exception precluding resubmission of an indictment count inapplicable because of our determination that it was not possible to conclude under the circumstances of Salemmo " 'that the jury had actually intended to find a defendant not guilty of the third count.’ ” (Id., at p 361.)
The posture in which Salemmo came before this court required our consideration of only one issue: whether CPL 310.50 (subd 2) precluded resubmission of the third count of the indictment. We had no occasion to address the issue whether, in the first instance, the jury’s failure to comply with the trial court’s instructions mandated resubmission of the case to the jury for reconsideration of its verdict. In addressing this point today, we are of the opinion that CPL 310.50 (subd 2) does not establish a per se rule requiring, in all situations, the resubmission of a case to the jury where the latter has failed to comply with the court’s instructions. On the contrary, we believe that resubmission is required only where the verdict returned by the jury exhibits a confusion on the part of the jury such that its intention with respect to individual counts of the indictment is uncertain.
In the instant case, it is abundantly clear that the jury intended to convict appellant of criminal possession of a controlled substance with intent to sell. Its additional finding that appellant was guilty of possession of a controlled substance was mere surplusage, in no way indicative of an inherent inconsistency. (United States v Howard, 507 F2d 559, 563.) In fact, to a jury unschooled in the doctrine of lesser included offense, a verdict of guilty on those counts of the indictment charging criminal possession with intent to sell as well as those charging criminal possession of a controlled substance must appear quite consistent. To be distinguished is the factual situation presented in Salemmo (supra), in which the jury returned a verdict convicting the defendant of criminal sale of a dangerous drug and possession of a dangerous drug with intent to sell, but acquitting him of simple possession. In such a case, the jury’s apparent confusion is evident in its return of an inherently inconsistent verdict.
In sustaining the action of the trial court in the present case, we note that appellate courts, including this court, have not infrequently reversed convictions and dismissed lesser inclusory concurrent counts of an indictment where, under no reasonable view of the facts, the defendant could have committed the greatest offense without having concomitantly *454 committed the lesser included offenses. (See, e.g., People v Johnson, 39 NY2d 364; People v Lee, 39 NY2d 388; People v Grier, 37 NY2d 847; People v Rivers, 59 AD2d 847; People v Rodriguez, 54 AD2d 949; People v Lugo, 53 AD2d 650; People v Pyles, 44 AD2d 784.) Admittedly, these cases did not turn on the precise question at issue today, inasmuch as the trial court in those cases apparently did not instruct the jury to consider the lesser inclusory concurrent counts of the indictment only in the alternative. However, as we have previously stated, absent an indication of confusion clouding the jury’s intent in returning a verdict, we see no reason why the trial court cannot dismiss, as appellate courts have, lesser inclusory concurrent counts of an indictment upon the return of a verdict finding the defendant guilty of a greater count.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.