■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MELENDEZ, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County, rendered May 17, 1978, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. On the facts in this case this court is foreclosed from considering defendant's constitutional attacks on the mandatory sentencing provisions of the New York State drug laws (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950). Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NUNZIATA, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered March 2, 1978, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ORTIZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 14, 1977, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Appellant complains that the jury selection procedure followed by the trial court violated the provisions of CPL 270.15 and his right to be tried by a fair and impartial jury. That procedure required that each juror be removed to the jury room after he or she was sworn to await the selection of the entire panel, thus separating the sworn jurors from prospective jurors during the continued *voir dire.* We hold that the procedural objection was waived since it was not raised until after the entire panel had been sworn, at which point the trial court could not have followed a different procedure, in the exercise of its discretion, even if it had been so inclined (see, e.g., *People v Seligman,* 35 AD2d 591, mod on other grounds 28 NY2d 788). We find no error in the trial court's resubmission of the larceny count to the jury after the latter came back with an inconsistent verdict on the burglary and larceny charges (see CPL 310.50; *People v Robinson,* 45 NY2d 448; *People v Salemmo,* 38 NY2d 357). Moreover, the absence of any timely formal objection to resubmission on the record would require a finding of waiver (see *People v Quilles,* 48 AD2d 933). We further hold that the conceded error concerning impeachment on a collateral matter (see *People v Schwartzman,* 24 NY2d 241) was also waived and, in any event, was harmless upon this record (see *People v Crimmins,* 36 NY2d 230), and that the notice provision of CPL 710.30 was not violated when an oral statement made by appellant, which could properly have been used to impeach him on his own cross-examination, inadvertently came in on cross-examination of one of the police officers. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.