Kaye, J.
(dissenting in part). Where the jury’s verdict is contradictory, today’s decision authorizes judicial resolution of the contradiction in virtually all cases, and is a substantial step beyond the carefully limited exception to CPL 310.50 (2) established by People v Robinson (45 NY2d 448). Because I believe that CPL 310.50 (2) represents a precisely contrary legislative intent — that the jury is where such problems should be settled and guilt or acquittal of particular charges decided — I dissent.
The relevant language of CPL 310.50 (2) is mandatory: "If the jury renders a verdict which in form is not in accordance with the court’s instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict.” (Emphasis added.)
*808 In Robinson, the jury failed to comply with the court’s instructions to consider the counts of criminal possession with intent to sell a controlled substance and the inclusory concurrent counts of simple possession in the alternative. Instead, it returned a guilty verdict on both sets of counts. After recording the verdict, the trial court dismissed the simple possession counts over counsel’s objection that the case should be resubmitted to the jury. We rejected the defendant’s literal interpretation of subdivision (2) of CPL 310.50, stating that "absent the return of a verdict about which confusion exists as to the intention of the jury, the jury’s failure to comply with the trial court’s instructions does not, per se, require submission of the case to the jury for reconsideration of its verdict.” (People v Robinson, 45 NY2d, at 452.) Indeed, we noted that "to a jury unschooled in the doctrine of lesser included offenses, a verdict of guilty on those counts of the indictment charging criminal possession with intent to sell as well as those charging criminal possession of a controlled substance must appear quite consistent. ” (Id., at 453; emphasis added.)
That cannot be said of the present case. The jury convicted defendant of negligent homicide, but acquitted him of vehicular manslaughter. Thus, the jury necessarily found that the People had failed to prove intoxication. However, the jury also convicted defendant on the vehicular assault charges — a finding that was utterly inconsistent with a determination that intoxication had not been proved. Unlike Robinson, here such a verdict could not possibly "appear quite consistent” to a jury.
In Robinson, we went on specifically to distinguish the factual situation presented in People v Salemmo (38 NY2d 357), "in which the jury returned with a verdict convicting the defendant of criminal sale of a dangerous drug and possession of a dangerous drug with intent to sell, but acquitting him of simple possession. In such a case, the jury’s apparent confusion is evident in its return of an inherently inconsistent verdict.” (45 NY2d, at 453.) Exactly that happened here: the jury’s apparent confusion is evident in its return of an inherently inconsistent verdict.
The majority now declares that unless "the jury held the defendant guilty of a crime on which it had found he did not commit an essential element,” there is "no evidence of confusion” (majority mem, at 807), and resubmission is not required. This is, of course, an entirely new rule. It cannot be derived from the commonsense observation in People v Robinson *809 (supra, at 453), that there is no resubmission requirement where the jury’s verdict is, in fact, completely consistent. To the contrary, as a matter of common sense and usage, it is difficult to understand how the majority can perceive "no evidence of confusion” when the jury apparently determined that defendant both was, and was not, intoxicated. Indeed, even applying the rule the majority now creates, the case should have been resubmitted, as the jury did find defendant guilty of a crime (vehicular assault) of which it also found he did not commit an element (intoxication).
The explanation for the result reached is that, relying on Robinson’s passing reference to uncertainty concerning the jury’s "intention with respect to individual counts of the indictment” (People v Robinson, 45 NY2d, at 453, supra; emphasis added), the court has somehow determined that it is clear that the jury intended to convict defendant of negligent homicide. Such judicial smoothing over of obvious juror confusion is a direct intrusion into the determination CPL 310.50 (2) commits to the jury. Notably, the statute requires the trial court to record an acquittal on an individual count if it is clear that the jury intended to find the defendant not guilty on that count, but contains no similar authorization for the trial court to determine that it is clear the jury intended to find the defendant guilty on a particular count despite the inconsistency of the verdict. The new rule advanced by the majority might be acceptable if the inconsistency in the verdict involved counts completely unrelated to the one at issue. Even if, as the majority surmises, it is "clear” that the jury "believed” defendant was guilty of criminally negligent homicide, it is far from clear that they grasped the trial court’s instructions concerning the law of criminal negligence —an element common to the counts on which their verdict demonstrated their confusion. If indeed the jurors understood all of the relevant concepts, then upon resubmission they would again have found defendant guilty of criminally negligent homicide. However, it is not for us retrospectively to guess the source of the jury’s apparent confusion.
Finally, I would note that the new rule is at odds with our longstanding insistence that a claim of repugnancy in a verdict be raised before the jury is discharged in order to preserve the error for appellate review. We have explained this strict rule as one designed to "permit[ ] the court to resubmit the matter to the jury to obtain a consistent verdict” (People v Alfaro, 66 NY2d 985, 987). In a case such as this, that *810 requirement is pointless if courts will now be permitted to resolve the matter on their own.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye dissents in part and votes to reverse on defendant’s appeal in an opinion in which Judge Alexander concurs.
Orders affirmed in a memorandum.