■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN JOHNSON, Appellant. [673 NYS2d 917] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered September 14, 1995, convicting him of murder in the second degree, upon a jury verdict, and purportedly convicting him of murder in the second degree under the third count of the indictment and manslaughter in the first degree under the fourth count of the indictment, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the purported convictions for murder in the second degree under the third count of the indictment and manslaughter in

the first degree under the fourth count of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

As the defendant argues, and the People correctly concede, the purported convictions of murder in the second degree under the third count of the indictment and manslaughter in the first degree must be reversed, the sentences erroneously imposed thereto must be vacated, and those counts of the indictment must be dismissed, because a verdict as to those counts was not reported by the jury, properly recorded, and accepted by the court (*see*, CPL 310.40, 310.80; *Matter of Oliver v Justices of N. Y. Supreme Ct.*, 36 NY2d 53, 57; *People v Lara*, 77 AD2d 517; *People v Greenfield*, 70 AD2d 662).

However, we affirm the conviction of murder in the second degree under Penal Law § 125.25 (2). The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Altman and McGinity, JJ., concur.