People v Parton (2020 NY Slip Op 00941)





People v Parton


2020 NY Slip Op 00941


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


122 KA 16-00979

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOMINIC PARTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 13, 2016. The judgment convicted defendant upon a jury verdict of assault in the first degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree
(§ 265.01 [2]), arising from defendant's shooting of the victim with a sawed-off shotgun. As defendant correctly concedes, he failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence inasmuch as he failed to move for a trial order of dismissal on the grounds raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, we reject defendant's further contention that the verdict is against the weight of the evidence with respect to the issues of his identity as the shooter, his intent to cause serious physical injury, and his justification defense (see generally § 120.10 [1]; People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to identity and intent, the victim and another witness testified that defendant pointed the gun at the victim and fired. There was no evidence suggesting that someone other than defendant shot the victim or that the gun discharged by accident. With respect to justification, the only evidence supporting that defense came from a 12-year-old defense witness, who testified that she had seen another man with a gun around the time of the shooting. No other witnesses saw another gun at the scene, and the People presented testimony that the police never found another gun. The jury was entitled to reject the account of the defense witness and to credit the testimony of the People's witnesses (see People v Webster, 114 AD3d 1170, 1171 [4th Dept 2014], lv denied 23 NY3d 1026 [2014]).
Contrary to defendant's contention, the verdict sheet did not result in juror confusion warranting resubmission of the case to the jury pursuant to CPL 310.50 (2). Although the jury, contrary to County Court's written instructions on the verdict sheet, found defendant guilty of both assault in the first degree and the lesser included offense of assault in the second degree, where, as here, there is no "indication of confusion clouding the jury's intent in returning a verdict, [there is] no reason why the trial court cannot dismiss . . . lesser inclusory concurrent counts of an indictment upon the return of a verdict finding the defendant guilty of a greater count" (People v Robinson, 45 NY2d 448, 454 [1978]; see People v Loughlin, 76 NY2d 804, 806-807 [1990]). We reject defendant's additional contention that he did not receive effective assistance of counsel. Defendant failed to meet his burden of establishing " the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]). Rather, upon viewing the evidence, the law, and the [*2]circumstances of this case in totality and as of the time of representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe.
Finally, defendant's remaining contentions are not preserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court