# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 9
The People &c.,
   Respondent,
  v.
Oscar Sanders,
   Appellant.

Chase McReynolds, for appellant.
Philip Tisne, for respondent.

RIVERA, J.:

The "long forbidden routine use of visible shackles during the guilt phase of a trial" in the absence "of a special need" (*Deck v Missouri*, 544 US 622, 626 [2005]) applies during the jury's reading of its verdict and the court's polling of the jurors. Here, the trial

- 1 -

judge violated this constitutional due process prohibition by ordering defendant to be handcuffed when the jury returned to announce its verdict without providing an on-the-record, individualized explanation for the restraints. Because this error was not harmless, it requires reversal of defendant's conviction and a new trial.

\*\*\*

Defendant Oscar Sanders was tried before a jury on one count of attempted assault in the first degree (Penal Law § 120.10 [2]) and one count of assault in the second degree (*id.* § 120.05 [2]) arising from a physical altercation with the victim and two counts of criminal contempt resulting from his subsequent violations of an order of protection. After the jury advised the court that it had reached a verdict but before the jury returned to the courtroom, defense counsel observed defendant in handcuffs. Counsel made the following objection in open court:

> "I understand that it's this court's policy, I just learned this minutes ago, to keep my client in handcuffs while the jury comes out and renders their verdict. But it's my understanding that the law allows for the defense and [p]rosecution to poll the jury with the idea in mind that perhaps the unanimity of the jury can be questioned when the foreperson announces a unanimous jury. And with that in mind, being that the defendant is in handcuffs while they announce that verdict, especially in the case of if it's a verdict of guilty, lends pressure to anyone who might dissent during that polling to be influenced negatively against anyone in handcuffs, and certainly in this case, I would say that's true for [defendant]. So I'm asking you to leave him uncuffed during the reading of the verdict for that reason."

The court responded: "All right. The application is denied. Bring in the panel." A court officer then directed everyone in the courtroom to stand as the jury entered and, after the jurors had entered, the trial judge ordered defendant to once again stand for the reading of the verdict. The jury then found defendant guilty on the above counts and the court

confirmed the verdict by polling the jurors. Defendant was subsequently sentenced as a persistent felony offender to an aggregate term of 15 years to life imprisonment.

On defendant's appeal, the Appellate Division affirmed, reasoning, in relevant part, that "[a]ny error in defendant being handcuffed, without any explanation on the record, during the rendition of the verdict and the polling of the jury was harmless" because the jury had already reached its verdict and "[d]efendant's suggestion that jurors may have been inclined to repudiate their verdicts during polling, but were influenced to refrain from doing so by the sight of defendant in handcuffs, is highly speculative" (194 AD3d 652, 653 [1st Dept 2021]). A Judge of this Court granted defendant leave to appeal (37 NY3d 1029 [2021]). We now reverse.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from physically restraining a defendant during a criminal trial without an on-the-record, individualized assessment of the "state interest specific to a particular trial" (*Deck*, 544 US at 628-629, 632; *see also People v Clyde*, 18 NY3d 145, 153 [2011]). A trial court therefore has a constitutional obligation to conduct "close judicial scrutiny" before ordering a defendant restrained (*Holbrook v Flynn*, 475 US 560, 568 [1986] [internal quotation marks omitted], quoting *Estelle v Williams*, 425 US 501, 504 [1976]).  It is undisputed that no such scrutiny occurred here and therefore the trial judge committed a constitutional error by ordering defendant handcuffed without placing the

special need for such restraints on the record (*Deck*, 544 US at 628-629; *Clyde*, 18 NY3d at 152-153).[*]

The prosecution's claim that the constitutional prohibition articulated in *Deck* does not apply during the reading of the jury verdict and polling of individual jurors is meritless. First, *Deck* involved the application of the constitutional prohibition against restraint during the punishment phase of a capital case, which necessarily occurred after the guilty verdict had been entered (*see* 544 US at 624-626). Second, the reading of the verdict is an integral part of the guilt-determination phase. As the Court explained in *People v Salemmo*, citing to CPL 310.80, "a verdict reported by the jury is not final unless properly recorded and accepted by the court" (38 NY2d 357, 361 [1976], citing CPL 310.80). Indeed, in accordance with CPL 310.80, the trial court must order the jury to resume deliberations when polling elicits a negative answer from one or more jurors. As a consequence, until the jury returns to the courtroom, publicly announces the verdict and, if polled, confirms the verdict, there is no finding of guilt, defendant is still presumed innocent, and the

---

[*] Contrary to the prosecution's assertion, defendant's claim is preserved. To preserve an issue for appeal, "counsel must register an objection and apprise the court of grounds upon which the objection is based 'at the time' of the allegedly erroneous ruling 'or at any subsequent time when the court had an opportunity of effectively changing the same' " (*People v Cantave*, 21 NY3d 374, 378 [2013], quoting CPL 470.05 [2]). Here, defense counsel noted his opposition to the handcuffing on the record based on a fear that the jurors would draw negative inferences about defendant by observing him physically restrained. Defense counsel's "protest" was "sufficient" to preserve the handcuffing issue since it made the defense's "position" about the handcuffing "known to the court[,]" thereby furnishing the trial judge with an opportunity to either: (1) provide an individualized explanation for the handcuffs; or (2) order the handcuffs removed (CPL 470.05 [2]). The trial judge did neither and instead cursorily denied the motion.

constitutional prohibition on restraining a defendant without explanation remains in full force.

Under the applicable harmless error standard, we cannot say that this constitutional error was harmless beyond a reasonable doubt (*see Clyde*, 18 NY3d at 153-154; *see also People v Crimmins*, 36 NY2d 230, 237-238 [1975]). The error here requires reversal of defendant's conviction and a new trial (*see People v Williams*, 25 NY3d 185, 195 [2015]). Our decision renders defendant's remaining claims academic (*see e.g. People v Murray*, 39 NY3d 10, 16 [2022]). Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

Order reversed and a new trial ordered. Opinion by Judge Rivera. Acting Chief Judge Cannataro and Judges Garcia, Wilson, Singas and Troutman concur.

Decided February 9, 2023