People v Gaffney (2026 NY Slip Op 01445)

People v Gaffney

2026 NY Slip Op 01445

Decided on March 17, 2026

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2026

No. 18 

[*1]The People & c., Respondent,
vLuke J. Gaffney, Appellant.

Melissa K. Swartz, for appellant.
Christopher T. Valdina, for respondent.
District Attorneys Association of the State of New York, amicus curiae.

MEMORANDUM:
The order of the Appellate Division should be affirmed.
Defendant has not demonstrated a lack of strategic or other legitimate explanation for his attorney's failure to object to the jury verdict as repugnant (see People v Benevento, 91 NY2d 708, 712 [1998]). Counsel could have declined to object to avoid the possibility that, to remedy the verdict's repugnancy, the court might resubmit all charges to the jury, reexposing defendant to an attempted second-degree murder conviction (see CPL 310.50 [2]; People v Salemmo, 38 NY2d 357, 360-362 [1976]).[FN1] That this additional conviction would not have increased defendant's maximum sentencing exposure does not change this analysis. Sentencing exposure is not dispositive of the sentence a court ultimately imposes. Moreover, an additional felony conviction may have adverse collateral consequences and added societal stigma (see Ball v United States, 470 US 856, 865 [1985]; People v Greene, 41 NY3d 950, 951 [2024]), particularly a conviction for attempting to murder a police officer.
Order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided March 17, 2026

Footnotes

Footnote 1: Defendant does not argue that the court could not have lawfully resubmitted the attempted murder charge to the jury had counsel objected, and we have no occasion to opine on that issue.