■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENCE GERARD, Appellant. [618 NYS2d 629] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered May 5, 1992, convicting defendant, after jury trial, of criminal use of a firearm in the first degree, attempted manslaughter in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child, unlawful imprisonment in the second degree, and attempted assault in the first degree, and sentencing him to consecutive terms of 10 to 20 years for the criminal use of a firearm conviction and 2⅓ to 7 years for the attempted first degree assault convic-

tion, and to lesser concurrent terms for the remaining convictions, unanimously affirmed.

Evidence at trial was that defendant shot the mother of his child at point-blank range, then fired at her boyfriend but missed, and then grabbed his baby and fled. Acquitted of attempted murder in the second degree, defendant's argument that his conviction for first degree criminal use of a firearm must be reversed and the charge dismissed because he was not convicted of any class B violent felony offense is a repugnancy claim that is not preserved for appellate review as a matter of law because never raised prior to the discharge of the jury (People v Aponte, 194 AD2d 315, lv denied 82 NY2d 713). We note that Penal Law § 265.09 requires only that the defendant "commit" a class B violent felony offense, not that he be convicted of such, and decline to review defendant's claim in the interest of justice since any such review would necessarily involve speculation as to the jury's deliberative process.

Defendant's objection to note-taking by a juror and request that the notes be confiscated, which resulted in an instruction by the court that notes were not to be used during deliberations, did not preserve for appellate review defendant's present claim that the court should have instructed the jury, sua sponte, on the proper use of notes during deliberations (see, People v Stewart, 81 NY2d 877). Since it does not appear that the juror actually used notes during deliberations and we do not presume that the juror disregarded the court's instructions (People v Morales, 159 AD2d 86), requiring cautionary instructions when note-taking is permitted does not apply.

Since these separate shootings were separate acts directed at separate victims, albeit in close sequence, and neither offense was a material element of the other, the court's imposition of consecutive sentences was legal (Penal Law § 70.25 [2]; see, People v Day, 73 NY2d 208, 212; People v Vasquez, 134 AD2d 468, 469, lv denied 70 NY2d 1011). Nor do we perceive any abuse in sentencing discretion. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.