■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOY WOSU, Appellant. [624 NYS2d 479] —Judgment affirmed. Memorandum: Defendant appeals from a judgment of County Court convicting her, following a jury trial, of eight counts of rape in the first degree, eight counts of sodomy in the first degree, four counts of incest, six counts of sexual abuse in the first degree and four counts of endangering the welfare of a child. On appeal, defendant contends that the court erred in answering a question from the jury concerning the date that this incident allegedly occurred.

Defendant was charged with multiple counts of various sexual offenses involving a codefendant's seven-year-old twin daughters that allegedly occurred on one day in November 1991 while the girls were visiting that codefendant, their father, to celebrate Thanksgiving. The prosecution, in an oral bill of particulars, specified that the offenses occurred "surrounding [a] Thanksgiving visit [with a codefendant]" and "one time, in the latter part of November". The prosecution in its statements to the jury referred to that date as "a Thanksgiving visit", or "one time in a latter part of November". The proof at trial referred to this sexual attack (one codefendant was charged with multiple sexual offenses on two other dates, one in June and one in September) as the "Thanksgiving incident", the "Thanksgiving visit" or "after a Thanksgiving dinner".

The children related the time of the incident to a Thanksgiving dinner (the turkey was burnt). Their foster mother testified that the visitation of the children with their father began on Thanksgiving and continued through the weekend.

That was the same time period covered by defendant's alibi, which the jury was free to believe or disbelieve.

The indictment identified this incident as occurring between November 1 and November 30. Notwithstanding the oral bill of particulars and the proof at trial, defendant did not request that the court inform the jury that the incident was tied to a Thanksgiving dinner in the latter part of November and that defendant's alibi covered the same period. The verdict sheet and the court's charge to the jury identified this incident by using the dates set forth in the indictment; defendant did not object in either instance.

The jury was obviously concerned and perhaps confused by the conflict between the alibi, the testimony of the victims and the repeated use of "Thanksgiving". It asked the court: "Could you please clarify for us the *actual date* of the Thanksgiving date incident? Was it *actually that Thanksgiving day,* or is the charge for November 1 through November 30, 1991 as the verdict sheet reads" (emphasis added)? By instructing the jurors that they were "the triers and the determiners" of that issue of fact, the court did no more than allow the jurors to find, consistent with the proof, that the incident occurred on a date other than Thanksgiving Day.

Defendant asked the court to instruct the jury to determine if the incident occurred on Thanksgiving Day. Had the court done so, that would have been error, because the exact date of the crime is not a material element of the crime *(see, People v Owens,* 63 NY2d 824, 826), and the People in their oral bill of particulars and proof did not limit their allegations to that day. In light of defendant's request that the court answer the jury's question by restricting the jury's deliberations to only Thanksgiving Day, the issue whether the jury should have been restricted to considering the time "around Thanksgiving" was not preserved for review *(see,* CPL 470.05 [2]; *see also, People v Gerard,* 208 AD2d 421; *People v Vigay,* 200 AD2d 360, 361, *lv denied* 83 NY2d 877).

Moreover, in her brief defendant does not argue that the court should have restricted the jury's deliberations to a period of time around Thanksgiving. Defendant continues to take the position that the court should have told the jury that the crimes charged against defendant were alleged to have occurred on Thanksgiving Day. That position has no basis on this record or in law *(see, People v Cunningham,* 48 NY2d 938, 940).

The court properly instructed the jury that, as the trier of

fact, the jury had to determine who was telling the truth and to resolve the conflicting testimony. Certainly, it might have been better had the court told the jury that defendant's alibi and the proof submitted by the People were in conflict and that they had to resolve that discrepancy. The court, however, was not permitted to bind the prosecution to one day, as suggested by defendant at trial and on appeal *(see, People v Morris,* 61 NY2d 290).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

All concur except Balio and Boehm, JJ., who dissent and vote to reverse in the following Memorandum.

Balio and Boehm, JJ. (dissenting). We respectfully dissent. In our view County Court erred in allowing the jury to find that the incident occurred on a date that was outside the limited period stated by the prosecution in its oral bill of particulars and outside the time period stated in the testimony. We are further of the view that the issue was adequately preserved.

The prosecution, in its oral bill of particulars, specified that the offenses occurred "surrounding [a] Thanksgiving visit [with a codefendant]" and "one time, in the latter part of November." At trial, the prosecution in its opening statement, in its proof and in its summation variously referred to the day the children were assaulted as "the Thanksgiving incident", the "Thanksgiving visit", and "after a Thanksgiving dinner." Those references obviously referred to a day around Thanksgiving, that is, the day the children ate burnt turkey. The only rational interpretation of the question of the jury is whether it could consider the entire month of November or "that Thanksgiving Day" as the day around Thanksgiving referred to throughout the trial.

When the jury asked whether they could consider any day in November, the following colloquy took place between the court and counsel:

"THE COURT: That's up to them. It's still a question of fact * * *.

"MR. DAVIS [attorney for codefendant]: Well, your Honor, I think whether the incident took place or not is a question of fact, but the prosecution theory is that whatever happened, if anything, happened on Thanksgiving Day.

"THE COURT: That's still a question for them to determine. And Mr. Gonzalez.

"MR. GONZALEZ [defendant's attorney]: I guess I'd have to go along with that.

"THE COURT: No, you don't, if you want to object.

"MR. GONZALEZ: No, I mean I would want to object. I don't want that whole time period in there, you know. I would request that, that it should be stated, because it's been stated in all the evidence testimony that was taken".

The request that the court charge that the jury must find that the incident occurred "on Thanksgiving Day" was not made by defendant but by the codefendant. Defendant's counsel asked that the whole time period—the month of November—not be included; that the time period should be charged consistent with the evidence. Moreover, based upon a logical reading of the record, the "Thanksgiving Day" referred to was obviously shorthand for the day on or around Thanksgiving when the children ate burnt turkey. The court, therefore, erred when it instructed the jury, in effect, that whether the incident occurred on Thanksgiving or "November 1 through November 30, 1991" was an issue of fact.

Although "the prosecution is not confined in its evidence to the precise date laid in the indictment" *(People v La Marca,* 3 NY2d 452, 458, *mot to amend remittitur granted* 3 NY2d 933, 942, *rearg denied* 3 NY2d 942, 4 NY2d 960, *cert denied* 355 US 920; *see, People v Cunningham,* 48 NY2d 938, 940), here the proof presented by the prosecution confined the offenses to the time period around Thanksgiving in conformity with its oral bill of particulars. The court, however, impermissibly permitted the jury to find, without supporting proof, that the offenses could have occurred at any time during the month of November. Such error may not be deemed harmless *(see, People v Leisner,* 73 NY2d 140, 146; *People v Walker,* 198 NY 329, 335).

We also disagree with the majority's position that the issue was not raised on appeal because defendant argued only that the jury's consideration should have been restricted to Thanksgiving Day. In her brief, defendant argued:

"But the date of the 'Thanksgiving incident' was not at issue. From the People's oral Bill of Particulars on June 8, 1993 through their summation on November 24, 1993 both the prosecution and the defense took it as established that the 'Thanksgiving incident' occurred on Thanksgiving Day of 1991 * * *

"On that record, [the court] should have instructed the jury that it was to consider only Thanksgiving Day of 1991."

That argument merely emphasized that the court should

have charged the time period to which the prosecution had confined its proof because "the date of the Thanksgiving incident was not at issue." In referring to "Thanksgiving Day of 1991" in her brief, defendant was obviously referring to the time of the incident as limited by the evidence at trial and as repeated again and again in the prosecutor's summation when, according to defendant, the prosecutor "stated some 17 times * * * that Thanksgiving was the date." The reference to Thanksgiving Day in defendant's brief does not alter the fact that the prosecution is limited to the theory of its case, i.e., that "the Thanksgiving incident" occurred on the day the children ate burnt turkey, on or around Thanksgiving Day.

Although an indictment may be amended to conform to the proof at trial, that is not what occurred here. An indictment may be amended before or during trial with respect to defects, errors or variances from the proof unless such amendment would "tend to prejudice the defendant on the merits" (CPL 200.70 [1]; *see, People v Van Every,* 222 NY 74; *People v Covington,* 86 AD2d 877).

But here, the effect of the court's instruction to the jury was to conform the proof to the indictment, and the prejudice to defendant is manifest. Relying on the prosecution's bill of particulars, which specified that the offenses occurred "surrounding [a] Thanksgiving visit" or "one time, in the latter part of November", defendant presented an alibi for that entire time period. Both defendant and her fiancé testified that they were together from the day before Thanksgiving until December 1, 1991, and were not at the house where the offenses occurred at any time during that period. Defendant testified that she had Thanksgiving dinner at the Hyatt Hotel with her fiancé, her brother and two of her brother's friends. Defendant's fiancé testified that he arrived in Buffalo on Wednesday, November 27, 1991, the day before Thanksgiving Day, having flown from Detroit by Northwest Airlines. He testified that he returned to Detroit on Sunday, December 1, 1991. He testified that he and defendant had dinner on Thanksgiving Day at the Hyatt and then returned to defendant's apartment, where they remained the entire evening. He further testified that, while in Buffalo, he mainly stayed around the house with defendant except when they drove to the mall.

We are unable to agree with the view of the majority that the court was not obligated to fully inform the obviously perplexed jury that its verdict must conform to the proof at trial. We also cannot agree that the court's duty to instruct

the jury consistently with the proof was satisfied by the court's meager response, which, to paraphrase The Rubaiyat, left the jury to come "out by the same door wherein [it] went." Further, that instruction impermissibly demolished defendant's alibi defense. That was clearly error.

The Court's language in *People v Covington (supra,* at 877) has a special resonance here. In that case, the prosecution served a bill of particulars stating that the offense occurred on August 9, 1979 at approximately 4:20 A.M. The day after trial commenced, the People orally moved to amend the indictment to read that the offense occurred in the early morning hours of August 10, 1979. The motion was granted over defendant's opposition on the ground of prejudice. In reversing, the Second Department stated: "Defendant * * * had every right to rely on the date, as given, and to prepare his case, including his alibi defense, accordingly. It is apparent that such reliance caused defendant to concentrate on an irrelevant alibi, while foregoing the preparation of such a defense as to the amended date." *(Supra,* at 877.)

We would reverse the judgment and grant a new trial. (Appeal from Judgment of Erie County Court, LaMendola, J. —Rape, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.