■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BAILEY, Appellant. [657 NYS2d 421] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered February 8, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

By order entered August 17, 1995, this Court held the appeal in abeyance and remanded this case for a *Mapp* hearing (218 AD2d 569). After several adjournments, a hearing was conducted on October 22, 1996 and December 24, 1996, after which the hearing court (Price, J.), on or about February 3, 1997, denied the motion to suppress. By letter to this Court dated April 22, 1997, defense counsel indicated that he will not be raising further claims in connection with the suppression hearing.

Defendant was arrested after a police sergeant involved in an unrelated buy and bust operation observed him as he purchased a bag of marihuana from one of the persons engaged in the drug transaction. A loaded gun subsequently was recovered from a purse in defendant's possession. Suppression was properly denied since the People's evidence established the presence of a telltale sign of drug activity, in an area with a high incidence of narcotic trafficking, observed by a police officer trained and experienced in narcotics arrests (*People v Shaw*, 193 AD2d 390, *lv denied* 82 NY2d 759, 853). The information conveyed by this officer to the arresting officer (*see generally, People v Landy*, 59 NY2d 369) provided probable cause for the arrest and subsequent search.

Defendant's claim that the verdict was inconsistent and repugnant because he was acquitted of the marihuana charge is unpreserved. Interest of justice review is inappropriate, insofar as it "would necessarily involve speculation as to the jury's deliberative process" (*People v Gerard*, 208 AD2d 421, 422, *lv denied* 85 NY2d 973). In any event, none of the elements of the marihuana charge is an essential element of criminal possession of a weapon in the third degree (*People v Loughlin*, 76 NY2d 804, 806).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams and Tom, JJ.