■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BLACK, Appellant. [682 NYS2d 138] —Judgment, Supreme Court, New York County (John Bradley, J.), rendered September 11, 1996, convicting defendant, after a jury trial, of murder in the second degree, criminal use of a firearm in the first degree and two counts each of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life, 12½ to 25 years, 7½ to 15 years (twice), and 3½ to 7 years (twice), unanimously affirmed.

According due deference to the court's assessment of defendant's proffered explanation for the peremptory challenge that was disallowed, we find that, in view of the record of the entire voir dire, the court properly concluded that the explanation was pretextual (*People v Hernandez*, 75 NY2d 350, 356-358, *affd* 500 US 352).

Defendant was properly convicted of criminal use of a firearm in the first degree based upon the underlying crime of murder

in the second degree, even though that crime is a class A-I felony, since, by committing murder in the second degree, defendant necessarily also committed attempted murder in the second degree and manslaughter in the first degree, which are lesser included offenses of second-degree murder and class B violent felony offenses enumerated in Penal Law § 70.02 (1). Contrary to defendant's argument, it is immaterial, for these purposes, that the evidence clearly established defendant's guilt of murder (*see, People v Tavormina*, 257 NY 84). Concur—Sullivan, J. P., Milonas, Tom and Mazzarelli, JJ.