■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FLOWERS, Appellant. [712 NYS2d 386] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered May 19, 1998, convicting him of sodomy in the first degree, sexual abuse in the first degree, rape in the third degree, sodomy in the third degree, unlawful imprisonment in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly failed to poll the jury as to the seriousness of its alleged deadlock is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Kendrick,* 256 AD2d 420; *People v Marero,* 208 AD2d 769). In any event, the court properly found that there was a reasonable possibility of ultimate agreement on the verdict (*see, Matter of Plummer v Rothwax,* 63 NY2d 243; *People v Woods,* 262 AD2d 668; *People v Reed,* 230 AD2d 866). Moreover, the *Allen* charge, viewed as a whole, was appropriate (*see, Allen v United States,* 164 US 492; *People v Hardy,* 109 AD2d 802; *People v Ali,* 65 AD2d 513; *see also, People v Bastien,* 180 AD2d 691, 692).

The defendant's contention that his convictions on counts three through seven of the indictment should be reversed and those counts dismissed, because the jury disregarded the Supreme Court's instructions on the verdict sheet, is also unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, a claim that a verdict is repugnant or contrary to the trial court's instructions must be made before the jury is discharged (*see, People v Satloff,* 56 NY2d 745; *see also, People*

*v Alfaro,* 66 NY2d 985). In the present case, the jury's intentions were clear and it manifested no confusion in rendering its verdict (*see, People v Robinson,* 45 NY2d 448; *People v McDowell,* 216 AD2d 419). Further, the Supreme Court never gave the jury any instruction on the order of deliberation it should follow in addressing each count of the indictment. Therefore, since no objection was raised at a time when reasonable inquiry could be made, the defendant's contention cannot be considered, even in the interest of justice, because it would necessarily involve speculation as to the jury's deliberative process (*see, People v Bailey,* 239 AD2d 286; *People v Gerard,* 208 AD2d 421).

The defendant's remaining contentions are without merit. Joy, J. P., Florio, H. Miller and Smith, JJ., concur.