■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CANTEEN, Appellant. [744 NYS2d 380] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 13, 2000, convicting defendant, after a jury trial, of murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life on the murder conviction, consecutive to a term of 20 years on the criminal use of a firearm conviction and concurrent with concurrent terms of 15 and 5 years for the remaining convictions, unanimously affirmed.

Since defendant never requested that the court reopen the suppression hearing, his claim that his trial testimony established the involuntariness of his statements is unpreserved (*see*, CPL 710.40 [4]; *People v Freeman*, 253 AD2d 692, *lv denied* 92 NY2d 982), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the People established the voluntariness of defendant's statements beyond a reasonable doubt and that defendant's trial testimony does not warrant a different conclusion.

Defendant's claim that he was improperly convicted of criminal use of a firearm in the first degree because he was not also convicted of an underlying class B violent felony is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it because "Penal Law § 265.09 requires only that the defendant 'commit' a class B violent felony offense, not that he be convicted of such" (*People v Gerard*, 208 AD2d 421, 422, *lv denied* 85 NY2d 973). The criminal use of a firearm charge related to the attempted murder of a particular witness even though a count charging defendant with attempted murder of the witness was inadvertently omitted from the indictment. The court, without any objection from defendant, submitted the criminal use charge to the jury with the instruction that it related to the witness and that the People were required to prove the attempted murder of the witness beyond a reasonable doubt. Based on the charge, the jury necessarily had to have found that defendant committed

the offense of attempted murder in order to convict him of criminal use of a firearm in the first degree (*see also, People v Black*, 256 AD2d 45, *lv denied* 93 NY2d 922). Since defendant's convictions of murder in the second degree and criminal use of a firearm in the first degree involved separate acts against different victims, the court properly imposed consecutive sentences (*People v Gerard, supra*).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Marlow, JJ.