■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD HOWARD, Appellant. [785 NYS2d 632]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an amended order of the Cayuga County Court (Mark A. Fandrich, J.), entered February 24, 2003. The amended order denied the motion of defendant pursuant to CPL 440.10 (1) (h) to vacate the judgment convicting him of murder in the second degree.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Cayuga County Court for further proceedings in accordance with the following Memorandum: County Court erred in denying without a hearing the motion of defendant pursuant to CPL 440.10 (1) (h) to vacate the judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]). In support of the motion, defendant contended that he was denied his constitutional right to effective assis-

tance of counsel, and his submissions "tend[ ] to substantiate all the essential facts" necessary to support that contention (CPL 440.30 [4] [b]). Specifically, defendant asserted in his supporting affidavit that his former attorney failed to inform him of a plea offer and also failed to advise him whether to accept or reject that offer. He contended that he was prejudiced thereby because he would have accepted the plea offer. That sworn statement supports his contention that he was denied effective assistance of counsel (*see People v Sherk*, 269 AD2d 755 [2000], *lv denied* 95 NY2d 804 [2000]; *see also Boria v Keane*, 99 F3d 492, 496-497 [1996], *cert denied* 521 US 1118 [1997]; *United States v Day*, 969 F2d 39, 42-44 [1992]) and raises a factual issue that requires a hearing.

Contrary to the People's contention, the office stamp on the letter to defendant's former attorney from the prosecutor's office setting forth the terms of the plea offer does not establish that a copy of the letter was mailed to defendant. Nor does the affidavit of defendant's former attorney justify denial of defendant's motion without a hearing. Even assuming, arguendo, that an affidavit could constitute conclusive documentary evidence sufficient to justify denial of the motion without a hearing, we conclude that the statements in the affidavit do not conclusively refute defendant's allegations. Although the attorney states therein that he regularly sends defendants plea offers received by his office and that he "sent" defendant the offer made in defendant's case, those statements do not establish that defendant received the information. Although "[t]he presumption [of receipt] may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]), no such proof was submitted herein. In any event, defendant's former attorney never refuted the allegation that he failed to advise defendant whether to accept or reject the offer. Consequently, we reverse the order and remit the matter to Cayuga County Court to conduct a hearing on defendant's motion. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.