■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOY WOSU, Appellant. [865 NYS2d 411]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), entered May 18, 2006. The order denied without a hearing defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of, inter alia, rape in the first degree (eight counts) and sodomy in the first degree (eight counts).

It is hereby ordered that the order so appealed from is reversed on the law and the matter is remitted to Supreme Court, Erie County, for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from

an order denying without a hearing her motion pursuant to CPL 440.10 to vacate the judgment convicting her of multiple counts of sexual offenses that occurred in 1991 (*People v Wosu,* 213 AD2d 967 [1995], *affd* 87 NY2d 935 [1996]). In support of her motion, defendant contended that she was denied her right to effective assistance of counsel. We note at the outset that, because defendant relied solely on the federal constitution in support of her motion, Supreme Court properly applied the test for claims of ineffective assistance of counsel set forth in *Strickland v Washington* (466 US 668 [1984]; *see People v McDonald,* 1 NY3d 109, 114-115 [2003]).

We further conclude, however, that nonrecord facts may support the contention of defendant that her trial counsel unreasonably failed to pursue a meaningful theory of defense other than a narrow alibi that applied to only a six-day portion of the November 1991 period in which the criminal acts of which defendant was convicted were alleged to have occurred. Thus, defendant's trial counsel failed to present any meaningful defense for the remainder of that month. Indeed, we note that defendant relies heavily on the decision of the Second Circuit with respect to a codefendant's application for a writ of habeas corpus based on ineffective assistance of counsel (*Eze v Senkowski,* 321 F3d 110 [2003]). According to defendant, she and her two codefendants presented a unified defense at trial, and thus the same deficiencies in the representation of the attorney for the codefendant who sought a writ of habeas corpus were also present in the representation of defendant's trial attorney. Consequently, we conclude that the court erred in failing to conduct an evidentiary hearing to explore nonrecord facts that may support the contention of defendant that she received ineffective assistance of counsel. We therefore reverse the order and remit the matter to Supreme Court for a hearing pursuant to CPL 440.30 (5) (*see People v Ferreras,* 70 NY2d 630 [1987]; *People v Jenkins,* 68 NY2d 896 [1986]; *People v Howard,* 12 AD3d 1127 [2004]).

All concur except Smith, J.P., and Peradotto, J., who dissent and vote to affirm in the following memorandum.

Smith, J.P., and Peradotto, J. (dissenting). We respectfully dissent and would affirm because, in our view, Supreme Court properly denied defendant's CPL article 440 motion without conducting a hearing to determine whether defendant was denied effective assistance of counsel. We conclude upon our review of the record as well as defendant's submissions in support of the motion that defendant received effective assistance of counsel as required by the federal constitution (*see Strickland*

*v Washington,* 466 US 668 [1984]), the sole standard relied upon by defendant in support of her motion (*see People v McDonald,* 1 NY3d 109, 114-115 [2003]).

We note at the outset that the motion of defendant is premised upon the fact that one of her codefendants, Louis Eze, sought a writ of habeas corpus in District Court based on ineffective assistance of counsel and, following a hearing on the petition pursuant to the decision of the Second Circuit (*Eze v Senkowski,* 321 F3d 110 [2003]), the District Court concluded that Eze was in fact denied effective assistance of counsel based on the standard set forth in *Strickland.* Defendant contends that she is similarly situated to Eze and thus that she was also denied effective assistance of counsel. She notes in addition that the second of her two codefendants, Dominic Okongwu, was granted a hearing by the same Supreme Court Justice on his CPL article 440 motion.

Although the federal decisions pertaining to Eze may "serve as useful and persuasive authority" (*People v Kin Kan,* 78 NY2d 54, 60 [1991], *rearg denied* 78 NY2d 1008 [1991]), we note that the defense presented by the attorney for Eze was separate and distinct from that presented by defendant's attorney. The primary distinction between the defense offered by defendant as opposed to Eze and Okongwu was defendant's presentation of an alibi defense. As the court properly noted in denying defendant's motion without conducting a hearing, defendant's case rested primarily on that alibi defense and on the contention that, if abuse occurred, defendant was not a party to it. Because of that crucial difference between the defense presented by defendant and those of her codefendants, we believe that the instances of ineffectiveness found by the federal courts in passing upon Eze's habeas corpus petition did not infect the representation provided by defendant's attorney.

As stated by the Court of Appeals, "[i]n *Strickland,* the Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel generally. A 'defendant must show that counsel's performance was deficient,' and 'that the deficient performance prejudiced the defense' " (*McDonald,* 1 NY3d at 113). Here, it cannot be said that the performance of defendant's attorney was deficient. Defendant's attorney made pretrial motions, elicited testimony from the alleged victims of the sexual abuse with respect to their rehearsed trial testimony, and challenged the detective's failure to examine the mattresses upon which the alleged abuse occurred, despite admissions from the victims that there may have been semen on the mattresses. Defendant's attorney also presented the testimony of defendant

and that of her codefendants and fiancé that she was not at Okongwu's house in November 1991 when the alleged sexual abuse occurred. Thus, the evidence presented by defendant's attorney supported the alibi defense, and it distinctly separated the defense presented by defendant from that of her codefendants.

Because defendant presented an alibi defense, her attorney, unlike the attorneys who represented her codefendants, had little incentive to challenge the testimony of a physician concerning the alleged sexual abuse of the victims or, indeed, to introduce in evidence the results of a 1988 physical examination of one of the victims of sexual abuse. Although the Second Circuit determined that those omissions by the attorney for Eze contributed to her ineffective assistance, the attorney for Eze did not assert an alibi defense and thus the same cannot be said with respect to the attorney for defendant.

With respect to the challenge by defendant to her attorney's failure to call a rebuttal witness with respect to the testimony of an expert witness for the prosecution on the psychology of sexual abuse, we note that the Second Circuit acknowledged that it was unable to ascertain whether the failure of the attorney for Eze to call such a witness was a matter of trial strategy (see Eze, 321 F3d at 131-132). Moreover, the Second Circuit's concern with respect to the inconsistent statements of the victims to that witness dealt specifically with statements that did not tend to exculpate defendant.

Indeed, in our view, had defendant's attorney vigorously cross-examined the People's experts or offered the testimony of experts or submissions to rebut the conclusions of the People's experts, defendant's alibi defense may have been undercut. Stated differently, there was no strategic need to present an aggressive defense on the issue whether there was in fact sexual abuse because, pursuant to defendant's alibi defense, defendant was not a participant in any such abuse. Further, because defendant's attorney is now deceased, we do not believe that nonrecord facts, including the testimony and submissions of the attorneys for the codefendants, could contradict the record evidence that defendant's attorney provided effective assistance of counsel by pursuing an alibi defense. In short, we conclude that defendant failed to meet the first part of the *Strickland* test inasmuch as she failed to show that her attorney's performance was deficient, and we thus do not reach the second part of the *Strickland* test, i.e., whether " 'the deficient performance prejudiced the defense' " (*McDonald*, 1 NY3d at 113). Present— Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.