■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE PATTERSON, Also Known as WILLIE PATERSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 17, 1973, convicting him of attempted robbery in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At the trial, appellant testified in his own defense and denied having made any statements following his arrest to a Patrolman Belle. As part of the People's rebuttal case, Belle testified that appellant had in fact made an admission to him. This testimony was not received as part of the People's main case because of the officer's failure to give the requisite warnings; it was offered solely for the purpose of impeaching appellant's credibility (cf. *Harris v New York*, 401 US 222). The trial court, however, failed to give any instructions as to the limited nature of the rebuttal testimony when it was offered and, during the charge, the jury was not clearly instructed that the admission could not be considered as evidence of guilt. Accordingly, a new trial is necessary. Hopkins, Acting P. J., Martuscello, Latham, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE QUILLES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 26, 1973, convicting him of assault in the first degree, attempted murder and possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. The evidence was sufficient to warrant the ultimate jury verdict and that verdict was not repugnant (see *People v Williams*, 47 AD2d 262). The confusion surrounding the jury's initial announcement of its verdict justified the trial court's resubmission of the entire case to the jury (cf. CPL 310.50). There was no timely objection to the court's resubmission of the case to the jury. Under the circumstances, the failure to object does not preserve the issue as a question of law for appellate review (cf. *Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County*, 36 NY2d 53). Finally, even assuming that there was error in the trial court's reopening of the case to allow impeachment of defendant's testimony, we find the error harmless *(People v Crimmins*, 36 NY2d 230). Rabin, Acting P. J., Hopkins, Latham, Munder and Shapiro, JJ., concur.