■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO INCHERCHERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 15, 1974, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was indicted for assault in the first degree. The Trial Judge submitted to the jury the crimes of assault in the first degree (Penal Law, § 120.10, subds 1, 3), assault in the second degree (Penal Law, § 120.05, subds 1, 2, 4) and assault in the third degree (Penal Law, § 120.00, subds 1, 2, 3). The jury returned a verdict of guilty of assault in the second degree, but did not specify which subdivision of section 120.05 of the Penal Law served as the basis of its verdict. Defendant asserts that a new trial should be ordered, or a conviction of assault in the third degree entered, because it is possible that he was convicted solely under subdivision 1 of section 120.05 of the Penal Law, and that an essential element of that subdivision, the intent to cause serious physical injury, was not established beyond a reasonable doubt. It is clear from the record that the injuries were inflicted by means of a dangerous instrument, a knife. Therefore, on the facts of this case, a verdict of not guilty of assault in the first degree (Penal Law, § 120.10, subd 1), precludes a finding of guilty of violation of subdivision 1 of section 120.05 of the Penal Law. The record establishes that defendant was convicted either under subdivision 2 or subdivision 4 of section 120.05 of the Penal Law and that the evidence was sufficient to warrant a verdict based on either of those subdivisions. In any event, defendant agreed to a charge that a verdict of guilty of assault, in the first, second or third degrees, was proper and did not object to the verdict at the time it was announced and could have been clarified. Under the circumstances, the failure to object does not preserve the issue as a question of law

for appellate review (see *Matter of Oliver v Justices of N. Y. Supreme Ct. of N. Y. County,* 36 NY2d 53; *People v Quilles,* 48 AD2d 933). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.