■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CALDERON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered June 27, 1989, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial, three of the prosecution's witnesses, who testified to events leading up to and following the death of the victim, admitted to making false statements to various law enforcement officials investigating the event. The trial court instructed the jury, *inter alia,* that it could consider these witnesses' prior inconsistent statements in determining the issue of their credibility.

Contrary to the defendant's contentions, the trial court was not required to give verbatim the pattern jury instructions on the issue of the witnesses' prior inconsistent statements *(see, People v Wales,* 138 AD2d 766; *People v Dengler,* 109 AD2d 847). A charge is sufficient as long as it adequately apprises the jury of the applicable law *(see, People v Dory,* 59 NY2d 121; *People v Russell,* 266 NY 147). The charge given by the trial court succeeded in informing the jury of both the generally applicable legal principles, as well as those specifically applicable to the case at hand *(see,* CPL 300.10 [2]). Comparing the charge given by the trial court with the charge language requested by the defendant, we find no basis for concluding that he was denied a fair trial *(see, People v Saunders,* 64 NY2d 665). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.