■ The People of the State of New York, Respondent, v Stanley Wilson, Appellant. [620 NYS2d 277] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 16, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court's identification charge was adequate *(see, People v Whalen,* 59 NY2d 273; *People v Rivera,* 207 AD2d 420). The Trial Judge was not bound to use the specific language requested by the defendant and the charge, read as a whole, adequately apprised the jury of the governing legal principles *(see, People v Calderon,* 182 AD2d 770; *People v Dengler,* 109 AD2d 847).

The defendant's contention that the court erred by failing to marshal the evidence is unpreserved for appellate review (CPL 470.05 [2]). In any event, the defendant's contention is without merit. The court need not marshal the evidence except to the extent necessary to explain the application of the law to the facts of the case (CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667; *People v Williamson,* 40 NY2d 1073, 1074). Nor is the court required to explain all the contentions of the parties or outline all the inconsistencies in the evidence *(People v Saunders, supra).* The instant case did not involve complex factual and legal issues; thus, the court did not err in failing to marshal the evidence *(see, People v Saunders, supra; People v Filardi,* 203 AD2d 301).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.