■ The People of the State of New York, Respondent, v Anthony Tallarine, Appellant. [637 NYS2d 461] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 9, 1993, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was not legally sufficient to support his conviction is not preserved for appellate review, since at trial he only made a general motion for a trial order of dismissal and did not raise the specific grounds that he now raises (*see, People v Colavito,* 70 NY2d 996; *People v Stahl,* 53 NY2d 1048; *People v Cona,* 49 NY2d 26; *People v Udzinski,* 146 AD2d 245).

In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Penal Law § 125.15 (1)

provides, in pertinent part, that a person is guilty of manslaughter in the second degree when he recklessly causes the death of another person. The requisite reckless conduct is established by evidence that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk that death would result from his conduct and that the risk was of such a nature and degree that the disregard thereof constituted a gross deviation from the standard of conduct that a reasonable person would observe in the situation (Penal Law § 15.05 [3]).

At bar, the evidence established that an individual holding the shotgun could determine that the shotgun was loaded by simply examining a hole on the underside of the gun, the exact location where the defendant was looking. Moreover, the deceased told the defendant on several occasions not to point the gun at him, but the defendant ignored the warnings. Thus, the jury was warranted in concluding that the defendant created a substantial and unjustifiable risk by persisting in his examination of the gun in close proximity to two other individuals without ensuring that the gun was not loaded and, further, that he was aware of the risk and consciously disregarded the risk, as evidenced by his failure to heed the exhortations of the deceased not to point the gun at him (*see, People v Randolph*, 81 NY2d 868; *People v Ali*, 146 AD2d 636).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.