■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RICHTER, Appellant. [673 NYS2d 1016] —Appeal by the defendant from an amended judgment of the County Court, Putnam County (Sweeny, J.), rendered July 19, 1994, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROBINSON, Appellant. [673 NYS2d 1008] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 27, 1996, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 24 years to life imprisonment and 3 to 9 years imprisonment, respectively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for murder in the second degree from an indeterminate term of 24 years to life imprisonment to an indeterminate term of 18 years to life imprisonment; as so modified, the judgment is affirmed.

The defendant's claim that the People failed to prove his guilt by legally sufficient evidence is not preserved for appellate review, since at the close of the People's case he made only a general motion for dismissal and did not assert the specific ground he now relies upon (*see, People v Tallarine,* 223 AD2d 738). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was excessive to the extent indicated. Mangano, P. J., Rosenblatt, Ritter and Krausman, JJ., concur.