■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN KNIGHT, Appellant. [687 NYS2d 904] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered October 18, 1996, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence regarding the participation of the defendant and the People's witnesses in an operation to sell crack-cocaine was properly admitted to complete the narrative of the witnesses, and to aid the jury in its comprehension of the crimes (*see, People v Till,* 87 NY2d 835; *People v Boyd,* 230 AD2d 805; *People v Hardwick,* 140 AD2d 624).

Although the court expanded slightly upon the jury charge contained in the Criminal Jury Instructions (*see,* 1 CJI [NY] 7.06), the entire charge, viewed as a whole, adequately conveyed to the jury the correct rule to apply in arriving at its verdict (*see, People v Coleman,* 70 NY2d 817; *People v Canty,* 60 NY2d 830; *People v Dory,* 59 NY2d 121; *People v Owens,* 202 AD2d 341; *People v Calderon,* 182 AD2d 770).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see, People v Robinson,* 251 AD2d 354; *People v Tallarine,* 223 AD2d 738). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including the issue raised in his supplemental, *pro se* brief, are either unpreserved

for appellate review or without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.