■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE SINGLETON, Appellant. [708 NYS2d 881] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 14, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD SINGLETON, Appellant. [708 NYS2d 880] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered June 26, 1997, convicting him of murder in the second degree under Indictment No. 5479/94, upon a jury verdict, and imposing sentence, (2) an amended judgment of the same court, also rendered June 26, 1997, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender for attempted robbery in the third degree under Indictment No. 4832/90, and (3)

an amended judgment of the same court, also rendered June 26, 1997, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 1197/91.

Ordered that the judgment and amended judgments are affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (see, CPL 470.05 [2]; People v Tallarine, 223 AD2d 738). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

There is no merit to the defendant's contention that the trial court erred in refusing to charge manslaughter in the second degree and criminally negligent homicide as lesser-included offenses of depraved indifference murder. There was no reasonable view of the evidence which would support a finding that the defendant committed either of the lesser offenses but not the greater (see, CPL 300.50 [1]; People v Butler, 84 NY2d 627; People v Glover, 57 NY2d 61).

The defendant contends that the amended judgments under Indictment Nos. 4832/90 and 1197/91 revoking sentences of probation must be reversed since his conviction under Indictment No. 5479/94 must be reversed. Since we are affirming the latter conviction, the amended judgments must be affirmed as well (see, People v Hodges, 207 AD2d 360). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.