■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DIEPPA, Appellant. [727 NYS2d 898] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 28, 1997, convicting him of grand larceny in the third degree (four counts) and scheme to defraud in the first degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 1 to 3 years, 1⅓ to 4 years, 1⅔ to 5 years, and 2 to 6 years imprisonment, respectively, on each of his convictions of grand larceny in the third degree, and an indeterminate term of 2 to 6 years imprisonment on his conviction of scheme to defraud in the first degree, to run concurrently with the terms of imprisonment imposed on the convictions of grand larceny in the third degree.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the conviction of scheme to defraud in the first degree from an indeterminate term of 2 to 6 years imprisonment to an indeterminate term of 1⅓ to 4 years imprisonment; as so modified, the judgment is affirmed.

The defendant contends on appeal that the jury verdict was not supported by legally sufficient evidence. This contention is unpreserved for appellate review as the defendant's motion for a trial order of dismissal was general in nature (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245; *People v Robinson,* 251 AD2d 354). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

As the People correctly concede, the sentence imposed for the conviction of scheme to defraud in the first degree was illegal (*see,* Penal Law § 70.00 [2] [e]; § 190.65). However, it is clear that the County Court intended to impose upon the defendant the maximum sentence, and we find that it would be appropriate to do so. Consequently, the judgment is modified to reflect the intention of the County Court (*see, People v Dorch,* 117 AD2d 677).

The defendant's contention that the imposition of consecu-

tive sentences was illegal is without merit. Each of the grand larcenies committed by the defendant was a separate and distinct act committed against a separate victim (*see, People v Truesdell,* 70 NY2d 809; *People v Rosa,* 249 AD2d 334; *People v White,* 192 AD2d 736; *People v Higgins,* 137 AD2d 620; *cf.,* Penal Law § 70.25 [2]).

Furthermore, given the circumstances of this case, the sentence imposed was not excessive (*see, People v Felix,* 58 NY2d 156; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.