■ TIMARI WHITESIDE, Appellant, v CITY OF NEW YORK et al., Respondents. [742 NYS2d 319] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered November 3, 2000, which, upon a jury verdict, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, with costs.

On October 12, 1993, the then 12-year-old plaintiff and Karsharia Dawson became involved in an altercation across the street from their school. The defendant police officer noticed that a crowd had formed in the vicinity of the fight and ran over to it. Pushing his way through the crowd, he saw the plaintiff and Dawson fighting. The officer immediately took hold of the plaintiff's shoulders and attempted to pull her away. Dawson then slashed the plaintiff's face and arms with a box cutter.

The plaintiff subsequently commenced this action against the City of New York and the defendant police officer, to recover damages for personal injuries. At trial, the Supreme Court instructed the jury regarding the emergency doctrine. The plaintiff contends that the instruction was unwarranted. Alternatively, she contends that the instruction was erroneous because it did not specifically refer to the word "emergency" and did not identify the nature of the particular emergency. We disagree.

If, under some reasonable view of the evidence, an actor is confronted with a sudden and unforeseen circumstance not of the actor's own making, it is appropriate to instruct the jury regarding the emergency doctrine (*see Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *Smith v Perfectaire Co.,* 270 AD2d 410). Contrary to the plaintiff's contention, the Supreme Court made a threshold determination that a "qualifying emergency" was supported by a reasonable view of the evidence (*Caristo v Sanzone,* 96 NY2d 172, 175). Although the defendant officer viewed the crowd from 100 to 150 feet away, only upon pushing through the crowd did he see the actual fight, whereupon he immediately attempted to break it up. Under these circumstances, a reasonable view of the evidence supports a finding that the defendant officer was suddenly faced with an unanticipated occurrence which afforded him little or no time to consider an alternate course of action, such as that suggested by the plaintiff's expert. Accordingly, the Supreme Court properly charged the jury with respect to the emergency doctrine (*see Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923, 924; *Rivera v New York City Tr. Auth., supra; Ferrer v Harris,* 55 NY2d 285, 292; *Barath v Marron,* 255 AD2d 280).

Since the Supreme Court's emergency doctrine charge adequately apprised the jury of the applicable law by correctly instructing it with respect to the opportunity to deliberate and the proper standard for finding liability (*cf. Hart v Scribner,* 44 AD2d 59), its substitution of the term "circumstance" for the term "emergency" in the charge was not erroneous (*see generally* PJI3d 2:14 [2001]; *People v Calderon,* 182 AD2d 770).

The plaintiff's remaining contention is without merit. Ritter, J.P., Feuerstein, Luciano and Adams, JJ., concur.