THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENROY ROMAIN, Also Known as CALVIN ROMAIN, Appellant. [772 NYS2d 875]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered November 29, 2001, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree (three counts), assault in the second degree (four counts), assault in the third degree (four counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacat-

ing the convictions of assault in the third degree under counts 10 through 13 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant failed to preserve his contention that the court gave an insufficient jury charge with respect to a witness's admission on the stand that he previously testified falsely (*see People v Leisner,* 73 NY2d 140 [1989]; *People v Whalen,* 59 NY2d 273 [1983]; *People v Bishop,* 144 AD2d 476 [1988]). In any event, this contention is without merit because the charge, in its entirety, adequately conveyed to the jury that in assessing the witness's credibility, it must consider his admission that he lied under oath (*see People v Coleman,* 70 NY2d 817 [1987]; *People v Knight,* 261 AD2d 487 [1999]; *People v Wilson,* 210 AD2d 363 [1994]; *People v Owens,* 202 AD2d 341 [1994]; *People v Calderon,* 182 AD2d 770 [1992]). In addition, the defendant failed to preserve his contention regarding the propriety of the trial court's resubmission of the attempted assault in the first degree counts to the jury (*see* CPL 470.05 [2]; *People v Flowers,* 274 AD2d 523 [2000]; *People v Alicea,* 201 AD2d 575 [1994]; *People v Quilles,* 48 AD2d 933 [1975]). In any event, the court's resubmission of those counts was justified by the jury's confusion and inconsistency with respect to the other assault counts (*see* CPL 310.50 [2]; *People v Salemmo,* 38 NY2d 357 [1976]; *People v Greenfield,* 70 AD2d 662 [1979]; *People v Quilles, supra*).

As correctly conceded by the People, the counts of assault in the third degree constituted lesser-included offenses of the counts of assault in the second degree (*see People v Rosales,* 303 AD2d 769 [2003]; *People v Jones,* 277 AD2d 329 [2000]). Thus, we vacate the convictions on those lesser-included offenses and the sentences imposed thereon and we dismiss those counts of the indictment (*see People v Lee,* 39 NY2d 388, 390 [1976]; *People v Garofalo,* 192 AD2d 619 [1993]; *People v Butler,* 192 AD2d 543 [1993]). Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.