*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016                107563
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                   MEMORANDUM AND ORDER

JONATHAN WHITE,
                        Appellant.
_____


Calendar Date:   September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Warren
County (Hall Jr., J.), rendered March 25, 2015, convicting
defendant upon his plea of guilty of the crimes of assault in the
second degree and assault in the third degree.

        Defendant was charged in a two-count indictment with
assault in the second degree and assault in the third degree
stemming from defendant striking the victim in the eye, which
caused permanent loss of vision in that eye.  After rejecting
various plea offers, defendant entered an Alford plea to the
entire indictment, with a commitment by County Court that the
sentence — the maximum of which defendant was informed was a
prison term of seven years and 15 years of postrelease

supervision – would not exceed six years in prison and 10 years of postrelease supervision.  At sentencing, County Court initially sentenced defendant, as a second felony offender, to six years in prison and 10 years of postrelease supervision on the second degree assault conviction and a concurrent term of one year on the third degree assault conviction, but, when the People confirmed that the maximum period of postrelease supervision was five years, the court modified the sentence accordingly.  Defendant now appeals.

Initially, the People concede, and we agree, that assault in the third degree constitutes a lesser included offense of assault in the second degree and, therefore, that conviction must be vacated (see People v Terry, 44 AD3d 1157, 1158 [2007], lv denied 10 NY3d 772 [2008]; People v Romain, 5 AD3d 611, 612 [2004], lvs denied 2 NY3d 805 [2004]).  Next, defendant contends that his plea was not knowing, voluntary and intelligent due to the fact that he was misadvised of the maximum potential period of postrelease supervision (see People v Brown, 107 AD3d 1303, 1304 [2013]).  This issue is unpreserved for our review as the record demonstrates that defendant, prior to sentencing, was aware of the uncertainty of the maximum period of postrelease supervision and, therefore, had an opportunity to preserve his claim by objecting and moving to withdraw his plea on this basis prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 221-222 [2016]).  To the extent that defendant challenges the sentence imposed as harsh and excessive, we find no abuse of discretion nor any extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Manchester, 123 AD3d 1285, 1289 [2014], lv denied 26 NY3d 931 [2015]; People v Appleby, 79 AD3d 1533, 1534 [2010]).

Egan Jr., Devine, Clark and Aarons, JJ., concur.

ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of assault in the third degree under count two of the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court