Devine, J.
 

 Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 4, 2015, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
 

 Defendant waived indictment and entered an Alford plea of guilty to assault in the second degree as charged in a superior court information. The charge was brought after defendant’s three-month-old infant was found to have sustained brain injuries consistent with nonaccidental trauma. The injuries required multiple surgeries and resulted in brain damage, developmental delays, seizures and blindness. Defendant admitted to investigators that he had repeatedly shaken the infant in anger, and treating physicians determined that this conduct was consistent with the infant’s injuries. Sentencing was left to the discretion of County Court, which imposed a prison sentence of 4V2 years to be followed by three years of postrelease supervision. Defendant now appeals.
 

 Defendant’s primary claim on appeal is that the sentence imposed is harsh and excessive, given his youth, immaturity, learning disabilities and inexperience with infants, as well as his acceptance of responsibility and lack of criminal history. County Court expressly considered these mitigating factors, but also placed appropriate emphasis on the severity of the infant’s injuries. The court further noted the medical evidence that the infant had been assaulted on multiple occasions, for which separate charges could have been brought and consecutive sentences imposed (see Penal Law § 70.25). County Court thereafter imposed a sentence in the middle of the permissible range (see Penal Law §§ 70.02 [1] [c]; [2] [b]; [3] [c]; 120.05 [8]) and, given the severity of the infant’s injuries, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v White, 142 AD3d 1254, 1255 [2016], lv denied 28 NY3d 1128 [2016]).
 

 Given that defendant waived indictment and pleaded guilty, his claim regarding the evidence supporting the charge against him, which is a nonjurisdictional challenge, was forfeited (see People v Hansen, 95 NY2d 227, 230-232 [2000]; People v Dubois, 150 AD3d 1562, 1564 [2017]; People v Brice, 146 AD3d 1152, 1153-1154 [2017], lv denied 29 NY3d 996 [2017]). Defendant’s further claim that the sentence should be reduced because the charge is based upon allegedly disputed science regarding head injuries in infants was not raised in County Court and is unpreserved for our review (see CPL 470.05 [2]; People v Tubbs, 124 AD3d 1094, 1095 [2015]), and we perceive no reason to take corrective action on this issue in the interest of justice.
 

 Garry, J.P., Egan Jr., Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.